**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LAWRENCE V. WILDER, SR.,
   Appellant,

  v.

OFFICE OF PERSONNEL
 MANAGEMENT,
   Agency.

DOCKET NUMBERS
PH-844E-08-0524-I-7
PH-1221-08-0452-W-7

DATE: May 24, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence V. Wilder, Sr.</u>, Wilmington, North Carolina, pro se.

<u>Ernest Hammond</u> and <u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed without prejudice his joined appeals that were automatically refiled by the Board on November 25, 2015. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113.

¶2        In a disability retirement appeal, the Board has authority to request pro bono representation for an appellant who asserts that he is incompetent.[2] *French v. Office of Personnel Management*, 37 M.S.P.R. 496, 499 (1988). Here, the appellant asserted his incompetence and asked the administrative judge for help finding representation for his disability retirement appeal, MSPB Docket No. PH-844E-08-0524-I-7, which the administrative judge joined with his appeal in MSPB Docket No. PH-1221-08-0452-W-7. Initial Appeal File, Tab 5, Initial Decision (ID) at 1-2; Petition for Review (PFR) File, Tab 2 at 1. The administrative judge repeatedly provided the appellant with names and contact information of available counsel and dismissed the joined appeals without prejudice, subject to automatic refiling in 180 days, to afford the appellant additional time to obtain counsel. ID at 2-4. In addition to continually providing the appellant with names of pro bono representatives, the administrative judge found an attorney willing to represent the appellant, but the appellant did not want to work with that attorney because he was not located nearby. ID at 2-3.

---

[2] It appears the appellant is raising similar or identical claims in these appeals that he has made in approximately three dozen prior Board appeals.

¶3    Following the latest refiling of these appeals, the administrative judge found that the appellant failed to demonstrate that he was restored to competency or to designate a representative to proceed on his behalf. ID at 4. The administrative judge found it readily apparent from the appellant's pleadings that he remained mentally unfit to pursue his appeals pro se. *Id*. The administrative judge also noted that the appellant himself indicated that he was ruled incompetent in proceedings before the Superior Court of New Hanover County, North Carolina. *Id*. The administrative judge found that all attempts to assist the appellant in obtaining representation had been exhausted and that his only option was to dismiss these appeals without prejudice, for a final time, pending the appellant's return to competency or his securing of representation to permit the processing of his appeals to move forward. *Id*.

¶4    The appellant, acting pro se, filed a petition for review of the initial decision, raising disturbing and unsubstantiated allegations against the administrative judge and requesting his recusal. PFR File, Tab 1. The appellant also raises additional claims in a narrative that demonstrates his continued inability to represent himself, and he asks the Board to provide him with additional attorney referrals.[3] *Id*. at 12.

¶5    A dismissal without prejudice is a procedural option committed to the sound discretion of the administrative judge. *See Keene v. Department of the Interior*, 47 M.S.P.R. 41, 44 (1991). We find that the administrative judge correctly followed the Board's *French* procedures by dismissing these joined appeals without prejudice until such time as the appellant becomes competent to proceed or he obtains representation. ID at 5; *see French*, 37 M.S.P.R. at 499. It is

---

[3] The appellant also sought review of the June 8, 2007 initial decision in MSPB Docket No. PH-0353-07-0330-I-1. PFR File, Tab 2 at 1. However, the Clerk of the Board notified the appellant that the case was closed—the Board having issued the final decision on December 10, 2007—and the Board will not take any further action concerning that appeal. *Id*.

undisputed that the appellant lacks the competence to pursue his appeals pro se and he has not designated a representative. ID at 4; PFR File, Tab 1 at 12.

¶6        Moreover, although the appellant asks the Board to provide "new [*French*] attorney referrals," we agree with the administrative judge's finding that all attempts to assist the appellant in obtaining representation have been exhausted. ID at 4; PFR File, Tab 1 at 12. Consequently, in accordance with the Board's procedures in *French*, the administrative judge properly dismissed the joined appeals without prejudice until the circumstances are conducive to fair adjudication. ID at 4; *see French*, 37 M.S.P.R. at 499. We therefore deny the petition for review.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **<u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.